**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EZEQUIEL LOPEZ ARGUELLES, | No.  20-73633 |
| Petitioner, | Agency No. A215-857-744 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2021**

Before:    WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Ezequiel Lopez Arguelles, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, relief under the Convention Against Torture ("CAT"), and

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review factual findings for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review de novo questions of law and claims of due process violations in immigration proceedings. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Lopez Arguelles established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(4)-(5). Thus, his asylum claim fails.

Lopez Arguelles does not make any argument challenging the dispositive determination that he failed to establish a nexus to a protected ground. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, his withholding of removal claim fails.

Substantial evidence supports the BIA's denial of CAT relief because Lopez Arguelles failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

20-73633

Lopez Arguelles's contentions that the BIA engaged in improper fact-finding in assessing his cancellation of removal claim fail as unsupported by the record, where the BIA properly reviewed the IJ's factual findings regarding which child was in therapy for clear error and the BIA's analysis contains no other facts that are inconsistent with the facts found by the IJ. *See* 8 C.F.R. § 1003.1(d)(3)(i)-(ii) (BIA reviews IJ's factual findings for clear error and discretionary determinations de novo); *Ridore v. Holder*, 696 F.3d 907, 917-19 (9th Cir 2012) (explaining clear error review process). We otherwise lack jurisdiction to review the discretionary determination that Lopez Arguelles failed to show exceptional and extremely unusual hardship to a qualifying relative for purposes of cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**